-FILED-

FEB 19 2020

Robert N. Trgovich, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cause Number 2:20 CR 020 |
| v. ) | |
| ) | 18 U.S.C. § 1343 |
| MAHMOUD ALSHUAIBI ) | 18 U.S.C. § 666(a)(1)(A) |
| a/k/a MIKE ALSHUAIBI d/b/a ) | 18 U.S.C. § 1001(a)(3) |
| IESCO CONSTRUCTION, INC. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

**General Allegations**

At all times material to this Indictment:

1. The defendant, Mahmoud Alshuaibi, a/k/a Mike Alshuaibi, (ALSHUAIBI), a resident of Illinois, was the owner and operator of IESCO Construction, Inc. (IESCO), which was a domestic corporation registered in the State of Illinois. ALSHUIBI, d/b/a IESCO, filed paperwork with the Indiana Secretary of State to do business in the State of Indiana.

2. The Indiana Housing and Community Development Authority (IHCDA), an agency of the State of Indiana, participates in the Hardest Hit Fund ("HHF"), a multi-billion dollar federal initiative, which funds the Blight Elimination Program ("BEP"). BEP focuses on residential blight elimination efforts within states, such as the demolition of abandoned and blighted homes. The BEP funds originate from the Troubled Asset Relief Program (TARP), which was created and administered by the U.S. Department of Treasury (Treasury). In order to participate in BEP, the State of Indiana, through IHCDA, entered into a Housing Finance Agency Participation Agreement (Agreement) with Treasury.

3. The Agreement sets forth the summary guidelines for IHCDA's blight elimination program and gives IHCDA administrative authority to use and disburse TARP funds as part of the BEP. IHCDA works with local municipalities, such as the City of Hammond, to administer the

blight elimination program. The local municipalities are responsible for the demolition work. The municipalities use a bidding process to hire contractors to demolish targeted properties. Upon completion of the demolition work, the contractor submits a claim for payment to the municipality. The contractor's submissions causes Treasury to initiate BEP payments through a series of wire-transfers between Treasury, IHCDA, the local municipality, and the contractor. Treasury wires BEP funds from an authorized New York bank account to IHCDA's authorized bank account in Indiana. IHCDA wires the BEP funds to the specific municipality's bank account in Indiana. The local municipality then pays the contractor by check. After the check is deposited into the contactor's bank account, the BEP funds are wire-transferred from the local municipality's bank to the contractor's bank.

4. The City of Hammond, Indiana (Hammond) is a unit of local government and established under the laws of the State of Indiana. As a local municipality, Hammond participated in the BEP program with IHCDA. As a participant, Hammond received authorization to fund the demolition of residential homes that met the BEP and State of Indiana criteria. After properties were selected, Hammond solicited demolition bids by placing a Notice to Bidders ("Notice") in the local newspaper. The Board of Public Works (BOPW) reviewed all bids and awarded the demolition work to the lowest responsible bidder for each property selected for demolition.

5. Between in or about January 2016 and continuing through in or about March 2017, the defendant submitted bids for demolition jobs in Hammond. The defendant, through IESCO, reviewed, completed and submitted a Demolition Requirements Form (Form) to Hammond during the demolition bid process. By submitting the Form, the defendant agreed to specific rules for demolishing properties including, but not limited to, the following: (a) removal and disposal of all debris on the project site must be in compliance with all applicable federal and state laws, as well

as Hammond's building code; (b) demolition of existing structures including foundations, garages, and outbuildings; and (c) prior to being paid, the defendant was required to submit a packet to Hammond's Inspection Department that must include dump and fill tickets, photographs of the property, a signed copy of the Form, and the defendant's invoice identifying the expenses to be paid to him by Hammond. The defendant as president of IESCO signed each of the bids submitted to Hammond. The defendant also certified that he had thoroughly reviewed all documents and records associated with his participation in the BEP program and agreed to comply with the terms.

6. Hammond awarded projects to the defendant and his company, IESCO, for the demolition of multiple properties in the City of Hammond. The properties included, but were not limited to, BEP-funded projects.

### The Scheme to Defraud

7. Between in or about January 2016 and continuing through in or about March 2017, the defendant, d/b/a, IESCO, devised and attempted to devise a scheme to defraud the City of Hammond by failing to properly dispose of demolition debris through a registered facility as required under the Blight Elimination Program. Instead, he disposed of the debris in unknown locations enabling him to avoid the registered Facility's fee. The defendant then submitted false disposal, dumping, and fill documentation to Hammond to give the appearance that he complied with the BEP rules and to receive payment for the demolition work.

### The Purpose of the Scheme

8. The purpose of the scheme was to obtain money from the City of Hammond through its participation with IHCDA in the Blight Elimination Program, by means of materially false and fraudulent pretenses, representations, promises, and material omissions.

## Manner and Means

9. The BEP-funded process required the defendant to properly dispose of all non-hazardous demolition material through a registered facility and to use of clean fill material. Between in or about March 2016 and continuing through in or about March 2017, the defendant, d/b/a IESCO, utilized the services of a registered disposal facility (Facility) located in Markham, Illinois. The Facility charged a fee for the disposal of non-hazardous demolition material. After accepting the material, the Facility issued dump tickets to the defendant, d/b/a IESCO. The dump tickets showed that the defendant disposed of non-hazardous demolition material relating to the BEP program from the State of Indiana through the duly registered Facility in the State of Illinois. The defendant, d/b/a IESCO, submitted the Facility dump tickets with his various claim packets to Hammond for payment from the BEP funds.

10. It was part of the defendant's scheme to defraud that on or about the dates set forth below in Counts 1 through 4, after completing demolition work, the defendant submitted packets to Hammond's Inspection Department that included false and fraudulent dump and fill tickets to give the appearance that he had complied with the rule to dispose of demolition materials through a registered facility and that he had used clean fill material, when in fact he had not.

11. Once Hammond officials approved the defendant's final packets and authorized his payments, they certified that the defendant had properly completed the demolition and associated work based on the assertions in the defendant's packets. Hammond then electronically submitted the defendant's claims to IHCDA. Upon review of the claims, IHCDA in turn wired BEP funds from its bank located in Indiana to Hammond's bank located in Northwest Indiana. Hammond issued checks to the defendant as payment for the claims he submitted and caused to be submitted. The defendant deposited Hammond's checks into his bank accounts in Illinois, which caused Hammond's bank in Indiana to wire-transfer BEP funds to the defendant's banks in Illinois.

## COUNTS 1 – 4
(Wire Fraud)

12. The allegations in paragraphs 1 through 11 of this Indictment are incorporated herein.

13. On or about the dates set forth below, in the Northern District of Indiana and elsewhere, the defendant,

**MAHMOUD ALSHUAIBI, a/k/a MIKE ALSHUAIBI
d/b/a IESCO CONSTRUCTION, INC.,**

did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, promises and concealment of material information by knowingly transmitting and causing to be transmitted by wire communications in interstate commerce for the purpose of executing and attempting to execute the scheme and artifice to defraud the City of Hammond, by submitting false and fraudulent dump and fill tickets causing BEP funds from the State of Indiana to be wire-transferred to the State of Illinois, to wit:

| Count | Dates | Description of wire transfer |
|---|---|---|
| 1 | 08/12/2016 | Wire-transfer of $43,100 of BEP funds from the First Midwest Bank Account No. 6650 located in Highland, IN to the Grand Ridge National Bank Account No. 6683 located in Grand Ridge, IL, said wire-transfer being initiated based upon the deposit of Check No. 22509, payment from the City of Hammond, IN for demolition of BEP identified properties located in the City of Hammond. |
| 2 | 10/21/2016 | Wire-transfer of $4,200 of BEP funds from the First Midwest Bank Account No. 6650 located in Highland, IN to JP Morgan Chase Account No. 1563 located in Hickory Hills, IL, said wire-transfer being initiated based upon the deposit of Check No. 22513, payment from the City of Hammond, IN for demolition of BEP identified properties located in the City of Hammond. |

| Count | Dates | Description of wire transfer |
|---|---|---|
| 3 | 12/05/2016 | Wire-transfer of BEP funds $6,800 from the First Midwest Bank Account No. 6650 located in Highland, IN to JP Morgan Chase Account No. 1563 located in Hickory Hills, IL, said wire-transfer being initiated based upon the deposit of Check No. 22515, payment from the City of Hammond, IN for demolition of BEP identified properties located in the City of Hammond. |
| 4 | 01/27/2017 | Wire transfer of $39,200 of BEP funds from the First Midwest Bank Account No. 6650 located in Highland, IN to JP Morgan Chase Account No. 1563 located in Hickory Hills, IL, said wire-transfer being initiated based upon the deposit of Check No. 22519, payment from the City of Hammond, IN for demolition of BEP identified properties located in the City of Hammond. |

All in violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5
(Theft from Local Government Receiving Federal Funds)

1. The allegations in paragraphs 1 through 11 of this Indictment are incorporated herein.

2. Between in or about January 2016 and continuing through in or about March 2017, in the Northern District of Indiana and elsewhere, the defendant,

**MAHMOUD ALSHUAIBI, a/k/a MIKE ALSHUAIBI
d/b/a IESCO CONSTRUCTION, INC.,**

being a contractor for the City of Hammond, Indiana, a local government, which during a one-year period, beginning February 2016 and continuing through February 2017, received federal benefits in excess of $10,000, did steal and obtain by fraud BEP funds that were under the care, custody, and control of the City of Hammond, Indiana and having a value of at least $5,000.

All in violation of Title 18, United States Code, Sections 666(a)(1)(A) and 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 6
(False and Fraudulent Statement)

1. On or about November 18, 2016, in the Northern District of Indiana and elsewhere, the defendant,

**MAHMOUD ALSHUAIBI, a/k/a MIKE ALSHUAIBI
d/b/a IESCO CONSTRUCTION, INC.,**

did knowingly and willfully make and use a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the U.S. Department of Treasury, a department of the United States of America, by submitting a false and fraudulent dump ticket to the City of Hammond, Indiana in order to obtain federal funds from the Hardest Hit Fund-Blight Elimination Program (HHF-BEP), which is administered and funded by the U.S. Department of Treasury with the participation of the State of Indiana and City of Hammond in the program, well knowing and believing that the dump ticket was false and fraudulent.

All in violation of Title 18, United States Code, Section 1001(a)(3).

A TRUE BILL:

/s/ FOREPERSON
FOREPERSON

THOMAS L. KIRSCH, II
UNITED STATES ATTORNEY

By: /s/ Toi Denise Houston
Toi Denise Houston
Assistant United States Attorney